

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,198

### EX PARTE JOHN WESLEY WALSH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 14,971-A IN THE 115TH DISTRICT COURT FROM UPSHUR COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to imprisonment for life.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal. Specifically, he claims that his attorney failed to preserve his appellate deadlines by filing his motion for new trial after the time for said filing had expired.

Based on an affidavit from Applicant's trial counsel that he miscalculated the days for filing a motion for new trial and based on the State's response indicating its belief that Applicant was, in fact, denied his right to file an appeal based on counsel's miscalculation, We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 14,971-A from the 115th Judicial District Court of Upshur County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: August 19, 2009
Do Not Publish